**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| Peter F. Wingard | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action File No.: 5:14-cv-00067 |
| Kinsel Toyota | ) | **Jury Demand** |
| | ) | |
| Defendant. | ) | |
| | ) | |

# COMPLAINT

Plaintiff Peter F. Wingard ("Plaintiff") hereby files this Complaint against Kinsel Toyota ("Defendant") and respectfully alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Peter F. Wingard is a resident of North Carolina.

2.

Upon information and belief, Defendant Kinsel Toyota located at 3255 Eastex Fwy, Beaumont, TX 77706 has done business in the Eastern District of Texas at all times material hereto.

3.

This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

4.

Subject matter jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1338(a).

5.

Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

6.

The Court has personal jurisdiction over Kinsel Toyota *inter alia* because Kinsel Toyota resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## COUNT I: PATENT INFRINGEMENT (U.S. PATENT NO. 5,530,431)

7.

Mr. Wingard pioneered the technology behind keyless ignition systems.

8.

Keyless ignition systems enable engines in cars to be started without inserting a key in the ignition. Generally, keyless ignition is achieved when a "key fob" transmits a unique code to a car's onboard computer and the unique code transmitted by the key fob matches the unique code stored on the car's onboard computer.

9.

On June 25, 1996, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,530,431 ("the '431 patent"), entitled "Anti-Theft

Device For Protecting Electronic Equipment" to Mr. Wingard. A true and correct copy of the '431 Patent is attached as Exhibit A.

10.

The '431 Patent is directed to apparatuses and methods for providing security for electronic equipment. In particular, the '431 Patent is directed to a method to secure electronic equipment by configuring the electronic equipment to power up only in the presence of a unique code transmitted to the electronic equipment from an external source.

11.

Mr. Wingard has been at all relevant times hereto and remains the owner of all rights, title, and interest in the '431 Patent.

12.

The '431 Patent is valid.

13.

The '431 Patent is enforceable.

14.

Upon information and belief, Kinsel Toyota uses, sells, offers to sell, and/or imports vehicles incorporating keyless ignition systems.

15.

Upon information and belief, the products marketed by Kinsel Toyota under the names Toyota (Avalon, Camry, Camry Hybrid, and/or Prius) and/or Lexus (ES,

GS300, GS350, GS430, GS460, GX460, IS250, IS350, RX350, LS460, CT200h, GS450h, HS250h , LS600h, and/or RX450h) (referred to hereinafter collectively as the "Accused Products") embody and/or contain keyless ignition systems.

16.

Upon information and belief, the Accused Products embody and/or practice the '431 Patent's claimed apparatus, system, and/or method for providing security for electronic equipment.

17.

Kinsel Toyota has infringed, and is continuing to infringe, the '431 Patent by using, importing, selling and/or offering to sell the Accused Products within the United States, and/or by contributing to and/or inducing such infringement.

18.

For example, on information and belief, Kinsel Toyota uses, imports, sells and/or offers to sell within the United States infringing products incorporating keyless ignition systems, including without limitation, the Accused Products.

19.

Upon information and belief, by using, importing, selling, and/or offering to sell the Accused Products in the United States, Kinsel Toyota, with specific intent, has actively induced others to infringe the '431 Patent under 35 U.S.C. § 271(b).

20.

Upon information and belief, an Accused Product constitutes a material part of the invention claimed in the ‘431 Patent.

21.

Upon information and belief, Kinsel Toyota has both the knowledge and intent that the Accused Products that it uses, imports, sells, and/or offers to sell in the United States will be used in an infringing manner, and Kinsel Toyota encourages and promotes the Accused Products to be used in an infringing manner.

22.

Upon information and belief, Kinsel Toyota is using, importing, selling, and/or offering to sell in the United States the Accused Products with knowledge that (1) the Accused Products are especially made or especially adapted for use in an infringement of the ‘431 Patent, and (2) the Accused Products are not staple articles or commodities of commerce suitable for noninfringing use. Kinsel Toyota is therefore liable as a contributory infringer under 35 U.S.C. § 271(c).

23.

Upon information and belief, Kinsel Toyota’s acts of direct and/or indirect infringement of the ‘431 Patent are and have been willful, have caused and will continue to cause Interactive Intelligence to suffer substantial damages, and have caused and will continue to cause Plaintiff to suffer irreparable harm unless Defendant is permanently enjoined from continuing its infringement.

24.

Plaintiff has no adequate remedy at law.

25.

Plaintiff seeks (1) damages adequate to compensate it for Defendant's infringement of the '431 Patent, (2) treble damages; (3) attorneys' fees; (4) cost; and (5) a preliminary and thereafter permanent injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

(a) a judgment that Defendant infringed the '431 Patent;

(b) that Defendant is preliminarily and permanently enjoined from further infringement pursuant to 35 U.S.C. § 283;

(c) that Defendant be ordered pursuant to 35 U.S.C. § 284 to account to and pay Plaintiff for the actual damages suffered by Plaintiff as a result of Defendant's acts of infringement of the '431 Patent;

(d) That Defendant be ordered to pay Plaintiff treble damages pursuant to 35 U.S.C. §284;

(e) That Defendant be ordered to pay prejudgment interest pursuant to 35 U.S.C. §284;

(f) That Defendant be ordered to pay all costs associated with this action pursuant to 35 U.S.C. §284;

(g) That Defendant be ordered to pay Plaintiff's attorneys' fees pursuant to 35 U.S.C. §285; and

(h) That Plaintiff is granted such other and additional relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable as of right and plead in this case.

Respectfully submitted this 21st day of May, 2014.

/s/ Charlena Thorpe
Charlena L. Thorpe
Georgia Bar No. 760954
charlena.thorpe@charlenathorpe.com
THE LAW OFFICE OF CHARLENA THORPE, INC.
2180 Satellite Boulevard
Suite 400
Duluth, GA 30097
Tel: 770-239-1642
Fax: 888-898-3784

*Attorney for Plaintiff*

# EXHIBIT A